[See Case No. 6,566.]

## Case No. 6,568.

### HODGSON v. MILLWARD et al.

[20 Leg. Int. 348; 5 Phila. 302; 3 Grant, Cas. 418.] [1]

Circuit Court, E. D. Pennsylvania.    Oct. 30, 1863.

REMOVAL OF CAUSES TO UNITED STATES COURT—COLOR OF AUTHORITY.

1. When a defence depends wholly on the construction of the constitution of the United States and acts of congress, the courts of the United States have jurisdiction of the subject-matter, without regard to the citizenship of the parties.

2. An officer acting in good faith under a warrant purporting to come from his superior, whom he is bound to obey, is acting under "color of authority," whether the superior transgresses his power, or the warrant be irregular or not.

3. This case (after verdict and before judgment) was properly certified into the circuit court, and must be tried in the same manner as if brought here by "or as if it had been brought in said court by original process."

[This was an action at law by William H. Hodgson against William Millward and others.]

GRIER, Circuit Justice. This case has been removed into this court under the provisions of the fifth section of the act of 3d March, 1863 (12 Stat. 756). It is now moved to remit the record on the allegation that the case is not within the provisions of that act. Although the certificate of the judge who ordered the removal of the case may not be conclusive on this court, if we should be of opinion that we cannot entertain jurisdiction of the parties or of the cause, yet it lies on the party who alleges that fact to make it clearly appear. We see no reason to doubt the correctness of the decision of the learned judge who has certified this case, and fully concur in the opinion delivered by him in this case. It would be superfluous to repeat the argument so well stated by that learned judge. It is clear that the defence of the defendants (if they have any) depends wholly on the construction of the constitution of the United States and of acts of congress. The courts of the United States have, therefore, jurisdiction of the subject matter, without regard to the citizenship of the parties. The act of congress already mentioned, which authorizes the removal of such cases to this court, is not alleged to be unconstitutional, nor that the party has not pursued the mode pointed out by the act, in a case where there has not been a final judgment, and which of course was still "pending" in that court. The objection that the record shows that the trespass with which the defendants are charged was not committed by virtue of any order of the president, or under his authority, or under color of any act of con-

[1] [Reprinted from 20 Leg. Int. 348, by permission. Syllabus from 3 Grant, Cas. 418.]

gress, cannot now be urged, as it constitutes the very question to be tried and determined by the court when the case shall be heard before a jury. Assuming the allegation to be true, that the president may have had no authority conferred on him to issue such order, and that the order issued by the United States attorney was irregular or void, yet these are the very questions which the defendants have a privilege conferred by the statute of a trial and decision in the courts of the United States. The order or warrant under which the defendants justify purported to have been issued by virtue of an authority derived from the president. This was "color of authority," whether the substance existed or not. The argument that "color" being an accident, cannot exist without substance, may be metaphysically correct, but has too much subtlety for practical application in the construction of statutes. We do not think it necessary to give a definition of "color of authority" to suit all cases. For the purposes of this case it is enough to say, that an officer, acting in good faith under a warrant purporting to come from his superior, whom he is bound to obey, is acting under "color of authority," whether his superior transgresses his power, or the warrant be irregular or not. This is the question to be tried under proper pleadings and evidence before a jury. If the state court should assume to refuse to certify the case into this court, because in their opinion the superior officer had not authority, or the warrant was irregular and void, they would deny the party the privilege conferred on him by the act, and treat its provisions with contempt. This case was therefore properly certified into this court, and must be tried in the same manner as if brought here by appeal, or "as if it had been brought in said court by original process." Motion denied.

[This case was ordered to be removed by the state supreme court at nisi prius (3 Grant. Cas. 412), and is cited in Braun v. Sauerwein, 10 Wall. (77 U. S.) 224.]